IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

HUBERT JACKSON, AJ-2373,          )
          Petitioner,                      )
                    v.                        )     2:10-cv-1358
                                              )
STEPEHN A. ZAPPALA, JR., et al.,    )
          Respondents.                   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition for a writ of habeas corpus submitted by

Hubert Jackson be transferred to the United States Court of Appeals for the Third Circuit

pursuant to 28 U.S.C. 1631 as a successive petition.

II. Report:

Hubert Jackson, an inmate at the State Correctional Institution at Somerset has presented

a petition for a writ of habeas corpus for which he has paid the filing fee. In his petition, Jackson

seeks to challenge his eight to twenty year sentence imposed following his conviction of rape

and unlawful restraint at No. CC 199808196 in the Court of Common Pleas of Allegheny

County, Pennsylvania.

The instant petition was executed on October 6, 2010. However, this is not the first

federal challenge which Jackson has addressed to the above sentence. In Civil Action 2:09-cv-

88, the petitioner also sought to challenge that conviction. The latter petition was dismissed on

February 19, 2009 and judgment was entered against the petitioner on March 9, 2009. An appeal

was taken to the United States Court of Appeals for the Third Circuit and docketed at No. 09-

1909 and the appeal was terminated on August 13, 2009. After Jackson was a denied relief from

judgment he again filed an appeal which was docketed at  No. 10-2798 where it is apparently

still pending. Jackson now returns to this Court with a successive petition.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24,

1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas

corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Hubert Jackson for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Any party desiring to file objections to this report and recommendation must do so within fourteen days of this date. Failure to do so will be construed as a waiver of the right to file objections.

Respectfully submitted,
Robert C. Mitchell,
Dated: October 20, 2010                    United States Magistrate Judge